MEMORANDUM *
Carolyn M. Hanes appeals from the district court’s order affirming the Administrative Law Judge’s (ALJ) denial of benefits. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo. Treichler *705 v. Comm’r of Soc. Sec. Admin., 775 F.3d 1090, 1098 (9th Cir.2014).
The ALJ’s reasons for rejecting Hanes’s testimony regarding the severity of her symptoms were “specific, clear and convincing,” see id. at 1102, and were supported by substantial evidence. In making his adverse credibility determination, the ALJ determined that Hanes’s description of extreme pain and disability was inconsistent with her description of her daily activities, which included cooking, cleaning, doing laundry, driving, shopping, visiting with family, and traveling. See Molina v. Astrue, 674 F.3d 1104, 1112-13 (9th Cir. 2012). Moreover, the ALJ supported his conclusion with evidence of Hanes’s conservative treatment plan, which consisted primarily of minimal medication, limited injections, physical therapy, and gentle exercise. See Parra v. Astrue, 481 F.3d 742, 751 (9th Cir.2007). The ALJ did not err in giving slight weight to his personal observations of Hanes’s functioning at the hearing because the observations did not form the “sole basis” of his adverse credibility determination.[1] Orn v. Astrue, 495 F.3d 625, 639 (9th Cir.2007). The ALJ also found that the objective medical evidence in the record included evidence that Hanes’s condition improved with treatment.
The ALJ’s residual functional capacity assessment was supported by substantial evidence. In light of the conflicting medical opinions, the ALJ gave “specific and legitimate reasons” for discounting the treating physicians’ opinions, and those reasons were supported by substantial evidence. See Hill v. Astrue, 698 F.3d 1153, 1159-60 (9th Cir.2012). The ALJ properly concluded that Dr. Hawkins’ and Dr. Pena’s functional assessments were not supported by clinical or diagnostic findings. See Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir.2008). In addition, the ALJ reasonably relied on his findings regarding Hanes’s daily activities, her conservative treatment, and her positive response to that treatment to conclude that the assessments of Dr. Hawkins and Dr. Pena were inconsistent with the objective evidence in the record. The ALJ similarly did not err in giving little weight to the opinion of Hanes’s examining physician, Dr. Mansfield. Dr. Mansfield diagnosed only minimal mental limitations, his description of Hanes’s medical issues was contradicted by the objective evidence in the record, and he deferred to Hanes’s physician regarding her ability to sustain gainful employment. The dissent engages in an extensive review and evaluation of the medical records and testimony, but, “as we reiterate in nearly every case where we are called upon to review a denial of benefits, we are not triers of fact,” Fair v. Bowen, 885 F.2d 597, 604 (9th Cir.1989). While “[i]t may well be that a different judge, evaluating the same evidence, would have found [Hanes’s] allegations of disabling pain credible,” id. so long as the ALJ’s interpretation of the record is reasonable and supported by substantial evidence, we may not second-guess it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir.2001).
Even if the ALJ erred in rejecting the testimony of Hanes’s husband for not being under oath, that error was harmless. See Treichler, 775 F.3d at 1099. The ALJ gave clear and convincing reasons for rejecting Hanes’s testimony, and Hanes’s husband’s testimony merely parroted her complaints. See Molina, 674 F.3d at 1117.
*706 In concluding that Hanes could perform work, the ALJ reasonably relied on the vocational expert’s (VE) testimony given in response to the ALJ’s hypothetical. The hypothetical contained all of Hanes’s limitations that the ALJ found were supported by the record, Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005), so the ALJ did not err in excluding limitations from Dr. Hawkins and Dr. Pena. Moreover, the ALJ did not err by declining to credit the VE’s testimony in regards to a hypothetical that included moderate mental limitations. The moderate mental limitations were not supported by the record because they were taken from a reviewing physician’s check-the-box form, which is entitled to little weight, see Molina, 674 F.3d at 1111-12, and were contradicted by the same reviewing physician’s conclusion that Hanes’s mental capacity enabled her to perform unskilled work on a sustained basis. See id.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Any error in the ALJ’s speculation of Hanes’s sleeping patterns was therefore harmless. See Treichler, 775 F.3d at 1099.